**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| GGH-RE INVESTMENT PARTNERS LIMITED, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | C.A. No. 2022-0950-CDW |
| GOLUB CEE INVESTORS, LLC, | ) ) | |
| Respondent, | ) ) | |
| and | ) ) | |
| GOLUB GETHOUSE REALTY COMPANY LLC, | ) ) ) | |
| Nominal Defendant. | ) | |

**ORDER GRANTING RESPONDENT'S
MOTION TO DISMISS AND DENYING FEE-SHIFTING**

**WHEREAS:**

A.     On October 21, 2022, petitioner GGH-RE Investment Partners Limited ("Petitioner") filed a petition seeking (1) the dissolution of the nominal defendant under 6 *Del. C.* § 18-802 and its LLC agreement, (2) the winding up of the nominal defendant's affairs under 6 *Del. C.* § 18-803, and (3) appointment of a receiver or liquidating trustee under 6 *Del. C.* § 18-805.[1] Petitioner also filed a motion to expedite.[2]

---

[1] Dkt. 1.

[2] Dkt. 2.

B.	On November 3, respondent Golub CEE Investors, LLC ("Respondent") filed an opposition to the motion to expedite, and on November 21 answered the petition.[3]	Petitioner did not file a reply to the motion to expedite, nor did it take any other activity in the case for six months.[4]

C.	On May 25, 2023, Petitioner filed a motion for temporary restraining order.[5]	The court denied the TRO motion at a hearing held on June 6, 2023, finding that (1) Petitioner's claims were not colorable, (2) Petitioner had failed to demonstrate a likelihood of irreparable harm, and (3) Petitioner had failed to demonstrate that the balance of the equities favored its position.[6]

D.	Other than status reports filed on October 15, 2024 and August 15, 2025,[7] there has been no substantive activity on the docket.

E.	On September 4, 2025, Fox Rothschild LLP filed a motion seeking leave to withdraw as Petitioner's counsel ("Motion to Withdraw").[8]	In the Motion to Withdraw, counsel stated that Petitioner has "not fulfilled its duties"

---

[3] Dkts. 6, 8.

[4] *See* Dkts. 9, 12.

[5] Dkt. 12 ("TRO motion").

[6] Tr. of 6-6-2023 Tel. Oral Arg't & Rulings of the Ct. on Pet'r's Mot. for a TRO, Dkt. 20 ("Tr."), at 42–45.

[7] *See* Dkts. 22–23, 25–26.

[8] Dkt. 27.

to counsel and counsel has "been unable to communicate with Petitioner despite numerous attempts in that regard."[9]

F.     On October 1, 2025, the Chancellor issued a letter provisionally granting the Motion to Withdraw, conditioned on counsel sending a copy of the letter to Petitioner by email, certified mail, and first-class mail and filing a letter on the docket confirming that counsel had complied with the court's instructions.[10] The Chancellor's letter also noted that Petitioner would need to obtain substitute counsel within 30 days of counsel's withdrawal, and that if it failed to do so the court would enter judgment against Petitioner and "discuss with respondent's counsel a path forward for determining appropriate remedies."[11]

G.     On October 6, 2025, this case was reassigned to the undersigned judicial officer.[12]

H.     On October 27, 2025, Fox Rothschild LLP filed the attestation required by the Chancellor's October 1 letter and the court formally granted the Motion to Withdraw.[13]

---

[9] *Id.* ¶¶ 3, 6.

[10] Dkt. 28.

[11] *Id.* at 2.

[12] Dkt. 29.

[13] Dkts. 30–31.

I.      On December 10, 2025, respondent filed a Motion to Dismiss and for Attorney's Fees and Costs ("Motion to Dismiss").[14]  In the Motion to Dismiss, respondent seeks dismissal on two grounds:  (1) failure to retain substitute counsel within 30 days as required by the court's order;[15] and (2) under Court of Chancery Rule 41(b) for failure to prosecute the action.[16] Respondent also seeks an award of attorney fees and costs for what it characterizes as Petitioner's bad faith conduct of the litigation.[17]

J.      On March 11, 2026, respondent filed a letter informing the court that it had served the Motion to Dismiss on Petitioner by sending it to the email address used by Petitioner's controller, Cezary Jarząbek, as reflected in the records of File & ServeXpress.[18]

**IT IS ORDERED**, this 13th day of March, 2026, that:

1.      *Merits*.  The Motion to Dismiss is GRANTED.  Dismissal is appropriate on both grounds asserted by respondent.  First, Petitioner failed to comply with the court's order to substitute counsel within 30 days.  As an entity, Petitioner must have counsel in order to prosecute this action.[19]  It has

---

[14] Dkt. 32.

[15] *Id.* at 8.

[16] *Id.* at 8–9.

[17] *Id.* at 9–11.

[18] Dkt. 34.

[19] Dkt. 28 at 1 (quoting *Harris v. RHH P'rs, LP*, 2009 WL 891810, at *2 (Del. Ch. Apr. 3, 2009)).

been 137 days since the court formally granted the Motion to Withdraw, and no substitute counsel has entered an appearance on Petitioner's behalf. Second, the docket reflects Petitioner has failed to prosecute the case in the 33 months since the court denied Petitioner's TRO motion.[20] All claims asserted against respondent in the Petition are dismissed with prejudice.

2. *Attorney Fees*. The request for an award of attorney fees is DENIED. "Delaware courts follow the American Rule that 'each party is generally expected to pay its own attorneys' fees regardless of the outcome of the litigation.'"[21] "Delaware courts grant exception to the rule cautiously,"[22] so "[a] party seeking to shift fees must satisfy 'the stringent evidentiary burden of producing 'clear evidence' of bad faith.'"[23] The inquiry is "fact intensive"[24] and the opposing party's conduct must be shown to be "glaring[ly] egregious."[25]

---

[20] *See* Dkt. 23 (indicating the last activity taken by Petitioner's was on Oct. 15, 2024, before informing the court counsel could not communicate with Petitioner).

[21] *Pettry v. Gilead Scis., Inc.*, 2020 WL 6870461, at *29 (Del. Ch. Nov. 24, 2020) (quoting *Shawe v. Elting*, 157 A.3d 142, 149 (Del. 2017)).

[22] *Enhabit, Inc. v. Nautic P'rs IX, L.P.*, 2024 WL 4929729, at *43 (Del. Ch. Dec. 2, 2024) (quoting *Weinberg v. UOP, Inc.*, 517 A.2d 653, 654 (Del. Ch. 1986)).

[23] *Faillace v. Outlander Gamma 5.2, LLC*, 2026 WL 412517, at *3 (Del. Ch. Feb. 13, 2026) (quoting *Dearing v. Mixmax, Inc.*, 2023 WL 2632476, at *5 (Del. Ch. Mar. 23, 2023) (ORDER)).

[24] *Enhabit*, 2024 WL 4929729, at *43 (quoting *Auriga Cap. Corp. v. Gatz Props., LLC*, 40 A.3d 839, 880-81 (Del. Ch. 2012)).

[25] *Faillace*, 2026 WL 412517, at *3 (quoting *Seidman v. Blue Foundry Bancorp*, 2023 WL 4503948, at *6 (Del. Ch. July 7, 2023)).

3. Applying those standards here, I am unable to conclude that respondent has met the "stringent evidentiary burden" necessary to shift fees. Chancellor McCormick considered both Petitioner's delay and its obstruction when ruling on the TRO motion:

> [I]t's apparent to me that [Petitioner] did delay. Perhaps they had a reason. In all events, hasn't been proactive in prosecuting this suit. It's been a stop-and-go approach. And counsel explained the reason for this. I take those reasons at face value. So I don't factor the delay into the outcome.
>
> I do, however, factor the obstruction argument into the outcome. The bottom line is that Mr. Jarzabek has not made this easy for the respondent for reasons I held in my post-trial bench ruling and throughout the earlier case.[26]

I do not consider these statements to suggest the Chancellor thought Petitioner's conduct at that point during this case met the bad-faith threshold, and I am unable to conclude that Petitioner's indolence over the past 33 months is enough to demonstrate the "glaring egregiousness" required for bad-faith fee shifting.

---

[26] Tr. 46. In connection with the final sentence in that quotation, I note that the Chancellor considered and rejected Respondent's request for fee-shifting in the earlier case. *See Golub CEE Inv. LLC v. GGH-RE Inv. P'rs Ltd.*, C.A. No. 2021-0810-KSJM, Ltr. Op. Denying Pl.'s Mot. for Rearg't, Dkt. 185. In that letter opinion, the Chancellor rejected Respondent's argument that "the court should have determined that [Petitioner] proceeded in bad faith, justifying a shift of attorneys' fees," finding instead "[Respondent] has shown no evidence that [Petitioner's] foreign law or Loxeco-related arguments are anything other than zealous advocacy. Without more, [Respondent] has fallen short of establishing the glaring egregiousness that warrants fee-shifting." *Id.* at 3–5.

4. *Costs*. The request for an award of costs is GRANTED. Under Court of Chancery Rule 54(d) "costs shall be allowed as of course to the prevailing party unless the Court otherwise directs."[27] "While the use of the term 'shall' implies that this Court should award costs to the party it deems to have prevailed, the Court has wide discretion in awarding or apportioning costs in each particular case."[28] Ordinarily, "the prevailing party is entitled to costs unless the facts of the particular case are such as to make this clearly inequitable."[29] A dismissal with prejudice for failure to prosecute is enough to bestow prevailing party status on Respondent,[30] and I am unaware of any facts that would make it inequitable to tax Petitioner with costs under Rule 54(d).[31]

---

[27] Ct. Ch. 54(d). A "prevailing party" is "a party who successfully prevails on the merits of the main issue or the party who prevailed on *most* of her claims." *Isr. Disc. Bank of N.Y. v. First State Depository Co., LLC*, 2013 WL 2326875, at *32 (Del. Ch. May 29, 2013) (citing *FGC Hldgs. Ltd. v. Teltronics, Inc.*, 2007 WL 241384, at *5 (Del. Ch. Jan. 22, 2007), and *Brandin v. Gottlieb*, 2000 WL 1005954, at *27 (Del. Ch. July 13, 2000)).

[28] *IMO Will of Grooms*, 2025 WL 1587960, at *1 (Del. Ch. June 5, 2025) (ORDER) (quoting *Adams v. Calvarese Farms Maint. Corp.*, 2011 WL 383862, at *3 (Del. Ch. Jan. 13, 2011)).

[29] *Id.* (quoting *Gaffin v. Teledyne, Inc.*, 1993 WL 271443, at *3 (Del. Ch. July 13, 1993)).

[30] Under Court of Chancery Rule 41(b), a dismissal for failure to prosecute is an adjudication on the merits unless the dismissal order specifies otherwise, which this order does not. *See* Ct. Ch. R. 41(b); *Govette v. Bongiovani*, 2025 WL 2926536, at *6 n.82 (Del. Ch. Oct. 15, 2025).

[31] To the extent Respondent seeks cost shifting for costs not covered by Rule 54(d), I deny the request for the same reason I declined to shift attorney fees. *See supra* ¶¶ 2–3.

5.	This is a Final Report.  Under Court of Chancery Rule 144(d)(1), any party taking exceptions to this report or to a prior report issued in this case must file a notice of exceptions by March 24, 2026.

_/s/ Christian Douglas Wright_
Magistrate in Chancery